THE BORDENTOWN AND PHILADELPHIA STEAMBOAT COMPANY v. J. RUSLING FLANAGAN.

1. **The** declarations of a steamboat clerk, made after the delivery of goods, **are** not competent to charge the steamboat company with negligence **in** their transportation.

2. When the judgment of the Common Pleas on appeal is reversed in this court for the admission of illegal testimony, the case should be sent back to the Pleas to be re-heard.

On *certiorari*.

Argued at November Term, 1878, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff, *C. E. Hendrickson.*

For the defendant, *J. H. Gaskill.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought by Flanagan to recover damages from the steamboat company for negligence in transporting a horse.   On the trial before the Common Pleas, Flanagan testified that, a day or two after the horse had been landed from the boat, he went down on the boat and stated to the clerk of the boat that the horse had been hurt in landing; and then offered to show the reply of the clerk to establish the alleged negligence.   The defendant objected to the evidence, but the objection was overruled, the evidence admitted, and judgment rendered for the plaintiff below.

Under the rule laid down in *Ashmore* v. *Pennsylvania Steam Towing and Transportation Co.*, 9 *Vroom* 13, the evidence was clearly inadmissible, and the judgment must therefore be reversed.

A further question is made : whether, on reversal, the plaintiff below must prosecute a new suit or re-try his case in the Common Pleas.   *Smock* v. *Throckmorton*, 3 *Halst.* 216, and *Small* v. *Ward*, 3 *Halst.* 302, are authorities that on a general reversal of a judgment of the Common Pleas, the matter is left entirely open, and the plaintiff must prosecute anew for his alleged cause of action.   There is no reason why the plaintiff below should be deprived of the benefit of his judgment before the justice because the appellate court committed an error in law.   The plaintiff's claim might be barred by the

statute of limitations, so that a new suit could not be maintained. It is difficult to see any ground upon which such a result could be defended, unless there exists an inability in the Common Pleas to re-try the case. That there is no such infirmity in that court, either in its constitution or according to the principles of the common law, is well settled. The Common Pleas has the right to set aside verdicts and grant new trials in all cases except on appeal, in regard to which it is restrained by the provision of the small cause act, "that after the trial of an appeal in the Court of Common Pleas, no new trial shall be granted by that court." *Cortelyou* v. *Ten Eycke*, 2 *Zab.* 45.

That court cannot itself grant a new trial in appeal cases, but when its judgment is reversed by this court for the admission of illegal testimony, the statute does not apply, and in the exercise of its common law powers it should proceed to re-hear the case and render judgment according to law. This view was taken by Chief Justice Ewing in *Blair* v. *Snover*, 5 *Halst.* 153, and by Justice Vredenburgh in *Apgar* v. *Degraw*, 4 *Dutcher* 527.

The case should be re-tried in the Common Pleas.